IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CRAIG LEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CRITICAL RESOLUTION | ) |
| MEDIATION LLC., | )    JURY TRIAL DEMANDED |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, CRAIG LEE, by and through his attorneys, SMITHMARCO, P.C., and for his Complaint against the Defendant, CRITICAL RESOLUTION MEDIATION LLC., the Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. CRAIG LEE, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of St. Charles, County of St. Charles, State of Missouri.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Money Key (hereinafter, "the Debt").

6. The debt that Plaintiff allegedly owed Money Key was for a payday loan, the funds of which were for the personal use of Plaintiff and/or used for household expenditure.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. CRITICAL RESOLUTION MEDIATION LLC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Missouri.  Defendant is registered as a limited liability company in the State of Georgia.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV.    A<small>LLEGATIONS</small>

14.     Since in or around June 2013, Plaintiff has received multiple telephone calls from Defendant in an attempt to collect a debt allegedly owed by Plaintiff to Money Key.

15.     On or about July 1, 2013, Defendant initiated a telephone call to Plaintiff in an attempt to collect the Debt and left a voicemail message for Plaintiff.

16.     In the aforesaid voicemail message, Defendant's duly authorized representative informed Plaintiff that he "was calling from the litigation department of the firm of Critical Resolutions."

17.     In the aforesaid voicemail message, Defendant disclosed the last four (4) digits of Plaintiff's social security number and Plaintiff's birth date and informed Plaintiff that "the aforesaid personal information had been attached to a civil complaint in relation to fraudulent checking information Plaintiff allegedly provided to Defendant's client."

18.     In the aforesaid voicemail message, Defendant told Plaintiff that "Plaintiff had until the end of the day to contact Defendant, and that if he failed to do so, Defendant was going to proceed with forwarding the civil complaint to Plaintiff's local county."

19.     During the course of the aforesaid voicemail message, Defendant failed to advise Plaintiff that it was a debt collector, that it was attempting to collect a debt and that any information obtained would be used for that purpose.

20.     Defendant's aforesaid representation to Plaintiff that it was calling from the litigation department of the firm of Critical Resolutions, in conjunction with Defendant's failure to apprise Plaintiff that it was a debt collector, had the effect of conveying to an unsophisticated consumer that the individual that had contacted Plaintiff on behalf of Defendant was an attorney.

21.     The aforesaid individual is a duly authorized representative of Defendant.

22. Upon information and belief, the aforesaid individual is not an attorney.

23. At no time during the course of the aforementioned telephone call between Defendant and Plaintiff, did Defendant apprise Plaintiff that he is not an attorney.

24. Defendant's aforesaid representation that it would file a civil complaint against Plaintiff in relation to fraudulent checking information Plaintiff had allegedly provided to Defendant's client had the effect of conveying to an unsophisticated consumer that Plaintiff had engaged in criminal conduct with respect to the Debt.

25. Plaintiff had not engaged in criminal conduct with respect to the Debt.

26. Defendant's aforesaid representation that it would file a civil complaint against Plaintiff in relation to fraudulent checking information Plaintiff had allegedly provided to Defendant's client was false, deceptive and/or misleading given that Plaintiff had not engaged in the aforesaid conduct relative to the Debt.

27. Defendant's aforesaid representation that it would file a civil complaint against Plaintiff in relation to fraudulent checking information Plaintiff had allegedly provided to Defendant's client misrepresented the character, status and/or legal nature of the Debt.

28. Defendant's aforesaid representation that it would file a civil complaint against Plaintiff in relation to fraudulent checking information Plaintiff had allegedly provided to Defendant's client was a statement made by Defendant to Plaintiff in an attempt to disgrace Plaintiff and cause Plaintiff distress.

29. Upon information and belief, Defendant has not filed a lawsuit against Plaintiff for the Debt.

30. Upon information and belief, at the time of making the aforementioned threat to file a lawsuit against Plaintiff, Defendant had no intention of filing a lawsuit against Plaintiff for the Debt.

31. Upon information and belief, Defendant has no authority to file a lawsuit against Plaintiff for the Debt.

32. Upon information and belief, at the time of making the aforementioned threat, Defendant had no authority to file a lawsuit against Plaintiff for the Debt.

33. On or about July 1, 2013, Defendant initiated a telephone call to Plaintiff's brother and left voicemail.

34. In the aforesaid voicemail message, Defendant stated that "it was in the process of filing a civil complaint against Plaintiff relative to fraudulent checking information Plaintiff had allegedly provided to Defendant's client."

35. Plaintiff did not consent to Defendant contacting third parties.

36. Defendant has not provided to Plaintiff, within five (5) days of its initial communication to collect the alleged debt, with written confirmation of the amount of the debt, the name of the creditor to whom the debt is allegedly owed or a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

37. In its attempts to collect the debt allegedly owed by Plaintiff to Money Key, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

    a. Communicated in connection with the collection of any debt with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector in violation of 15 U.S.C. §1692c(b);

b. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

c. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

d. Falsely represented either directly and/or by implication that he was an attorney and/or that the communication was from an attorney in violation of 15 U.S.C. §1692e(3);

e. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

f. Falsely represented or implied that a consumer committed a crime or other conduct in order to disgrace the consumer in violation of 15 U.S.C. §1692e(7);

g. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

h. Failed to disclose in communications that said communication was from a debt collector and that any information obtained during the communication will be used for the purpose of collecting a debt in violation of 15 U.S.C. §1692e(11);

i. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f;

j. Failed to comply with the provisions of 15 U.S.C. §1692g(a); and,

k. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

38. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.     **J**URY **D**EMAND

39. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff, CRAIG LEE, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

  a. All actual compensatory damages suffered;

  b. Statutory damages of $1,000.00;

  c. Plaintiff's attorneys' fees and costs;

  d. Any other relief deemed appropriate by this Honorable Court.

         Respectfully submitted,
         **CRAIG LEE**

      By: s/ David M. Marco
         Attorney for Plaintiff

Dated: August 12, 2013

David M. Marco (Atty. No.: 6273315IL)
SMITHMARCO, P.C.
205 North Michigan Avenue, Suite 2940
Chicago, IL 60601
Telephone:   (312) 546-6539
Facsimile:   (888) 418-1277
E-Mail:      dmarco@smithmarco.com